THE STATE EX REL. W. E. WERDEN *v.* GEORGE J. WILLIAMS, CLERK OF YOUNGSTOWN TOWNSHIP, MAHONING COUNTY.

Where the local directors of a subdistrict employed a teacher, and fixed his salary at $125 per month in case he alone should be able to teach the school to their satisfaction, otherwise the teacher to employ and pay an assistant, and such teacher performed the service under his employment, without the aid of an assistant, to the satisfaction of the local directors, who certified to the township clerk the amount due to the teacher under the contract: *Held*, that the township clerk can not justify his refusal to draw an order on the township treasurer for the amount certified, on the ground that the contract under which the service was performed was against public policy and void.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Mahoning county.

On the 30th day of November, 1874, the relator entered into a written contract with the local directors of subschool district No. 3, of the township above named, to teach the public school of that subdistrict for the period of four school months, commencing January 4, 1875, at $125 per month. The contract also provided for the employment and payment by the relator of an assistant teacher for the school during the term.

On the 2d day of January, 1875, at a regular meeting of the local directors, by a verbal agreement between the parties thereto, the written contract was so modified as to reduce the term of school to two months from and after the 4th of January; to release the relator from the obligation of employing and paying an assistant teacher, if without such aid he could teach and conduct the school, during the term named, to the satisfaction of the local directors, and to pay him $125 per month for teaching the school without such aid.

The relator performed the contract, without the aid of an

VOL. XXIX—11

assistant, to the satisfaction of the directors, who, on the 6th of March following, delivered to the relator their certificate, directed to the clerk of Youngstown township, showing that there was due to the relator for two months' services as teacher of the school named, under the agreement, the sum of $250, which certificate, with the reports required by law and a copy of his certificate of qualifications from the county examiners, he, on the 13th day of March following, presented to the defendant, who at that time was such clerk, and requested him to draw an order on the treasurer of the township for the payment of the amount so certified to be due to him, which the defendant refused to do.

Application was afterward made by the relator to the District Court of Mahoning county for a mandamus to compel the defendant to issue the order, which was allowed by the court; and on the 22d day of March, 1876, an alternative writ issued, directed to the defendant as such clerk, commanding him, immediately on the receipt of the writ, to issue the order demanded by the relator for the payment of the sum named, with interest from the 6th day of March, 1875, or to appear before the court on the 27th of March following the date of the writ, and show cause why he had not done so.

The defendant appeared on the day named in the writ, and made return setting out in substance as causes why he should not be compelled to issue the order: 1. That the report filed with him by the relator, at the time the order was demanded, did not show the true number of pupils in attendance upon the school during the term, nor the true average daily attendance of such pupils; 2. That on the day the relator presented the certificate of the local directors, and demanded an order on the township treasurer for the payment of the amount certified to be due him, there was no money in the township treasury applicable to the payment of teachers in sub-district No. 3 of the township; and 3. That the contract made with the local directors, under which the services were rendered by the relator, was

illegal and void, and such as, under the provisions of the statutes, the local directors had no power or authority to make.

On the hearing, the district court found that causes one and two set out in the return were not sufficient to avoid the issuing of a peremptory writ, but that cause three set out in the return was sufficient for that purpose, and thereupon refused the writ, and dismissed the petition at the costs of the relator, to which he excepted.

Volney Rogers, for the motion, urged that the contract was not illegal or opposed to public policy, and cited *Hurd* v. *Robinson*, 11 Ohio St. 232; *Coburn* v. *Odell*, 30 N. H. 540; *Erskins* v. *Parkhurst*, 17 Vt. 105; *Silver* v. *Sheets*, 7 Ind. 132; *Ellsworth* v. *Mitchell*, 31 Mo. 247; *Swords* v. *Owen*, 43 How. 176; *Ritcher* v. *Smith*, 6 C. B. 462.

*Geo. F. Arrel,* contra:

REX, J.   It is claimed by counsel for the relator, and assigned as a cause for the reversal of the judgment in this case, " that the district court erred in holding, as a matter of law, that the written contract between the relator and the local directors of sub-school district No. 3, as modified by the verbal agreement of January 2, 1875, between the same parties, was contrary to public policy and void, and ought not to be enforced."

It must be conceded that, under the provisions of the act of May 1, 1873, for the reorganization and maintenance of common schools (70 Ohio L. 185), and the amendments thereto, the local directors of a township school district are not authorized to permit any person to teach, or assist in teaching, a public school under their control, unless employed by them for that purpose.   They have no power to delegate the employment of teachers for such schools to any other person or persons, nor to provide for the payment of a teacher thereof in any other manner than that pointed out in the last clause of section 53 of the act above referred to.   It follows, therefore, that the written contract of No-

vember 30, 1875, between the local directors of the sub-district named and the relator was illegal and void in so far as it provided for the employment and payment of an assistant teacher by the relator, and for the payment to the relator of a certain sum per month for his services and those of his assistant as teachers of the school.

Section 53 of the act above cited provides, " That in each township district the local directors shall employ teachers of the schools in the sub-district in which they reside," " have power to fix the salaries or pay of said teachers," and " shall certify the amount due any teacher for services to the township clerk," etc.

The verbal agreement of January 2, 1875, in effect revoked the illegal and void provisions contained in the written contract of the preceding November, and although it also contained provisions which the local directors had no power or authority to make, the authorized parts of it were so separate and distinct from the unauthorized parts, that the parties thereto were enabled to and did perform those parts of the agreement which the local directors had authority to make, without performing any of the unauthorized portions thereof.

We are, therefore, of opinion that the court erred in holding that the facts set out in cause three of the defendant's return were sufficient to avoid the writ; in refusing to order a peremptory writ to compel the defendant, as such clerk, to issue to the relator the order demanded, with interest on the amount certified to be due to him from March 6, 1875, and in rendering judgment against the relator for costs.

*Motion granted, and judgment reversed.*