A resolution was passed by the Norwood council in 1891, without petition from abutting owners, for improvement of Williams avenue. • At that time W. M. Fridman owned a lot abutting 111 feet on Williams avenue and 214 feet on Elsmere avenue. The Fridman tract was subsequently subdivided into four lots fronting on Elsmere avenue, which were all sold to different parties. This left only one .of the four lots, the one in the corner, abutting on Williams avenue, and the assessment which it was originally intended should fall upon the entire Fridman tract, was placed against the one lot in the corner, now owned by the present plaintiff, who set up the claim that her lot was only bound for one-fourth of the assessment, and that the village had no right to place the whole assessment upon it.
Smith, J., holds that the whole Fridman tract was liable to be assessed for the improvement of Williams avenue— that under the decision in Douglass v. Cincinnati, 29 Ohio St., 161, the property liable for this assessment was determined by its status at the time of the passage of the ordinance directing the improvement, and the liability thus attaching is not affected by subsequent conveyances and changes an the title. The better course, therefore, would have been for the village to have'placed the assessment on .all four cf the lots constituting the original tract instead of selecting one lot and attempting to hold it for the whole assessment. It might well be that as between the owners of the different lots in which the original parcel had been divided, equities would exist which as between them would make it obligatory upon the owners of some other of the lots to assume the burden of the assessment, and in such case a court of .equity would not allow a part of a lot, upon which a village had (arbitrarily it might be) attempted to place the whole of an assessment which was a burden originally upon all, to pay the whole amount.
Rut the case is different where it appears that by contract or otherwise the burden lies upon one of the lots. In the *633 ease at bar the other three lots were sold with covenants of warranty as to the assessment, but the deed for plaintiff’s lot, whioh was the last one sold, contains no such covenant, and she is therefore not equitably entitled to prevent the village from placing the whole assessment upon her lot, though the village may not have acted in the best manner is so doing. Moreover, where a lien attaches to land which is sold in parcels tc different persons, *if the lien is enforced at judioial sale,the parcels must be sold in the inverse order of the alienation, which would mean in the present case that the plaintiff’s lot would be first liable,and that for the whole amount.
Fred Close, Jr., for ihe Plaintiff.
W. E. Bundy, for the Village.
Petition dismissed, but without piejudice to any right the plaintiff may have to call upon the owners of the other lots, or either of them, to share the burden with her.